**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

DEMITRIUS LEVERETTE WELCH,       )
                                 )
                   Petitioner,   )
                                 )
        vs.                      )        No. 1:15-cv-0827-WTL-DML
                                 )
SUPERINTENDENT New Castle Correctional  )
Facility,                        )
                                 )
                   Respondent.   )

**Entry and Order to Show Cause**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] **is granted**. He is assessed an initial partial filing fee of One Dollar and Fifty Cents ($1.50). He has **through July 1, 2015**, to pay this sum to the clerk.

**II. Screening**

Plaintiff Demitrius Welch filed a civil rights action on May 26, 2015, alleging that he is being harassed for refusing to enroll in the Indiana Sex Offender Management and Monitoring Program while an inmate at the New Castle Correctional Facility.

Because Welch is a "prisoner" as defined by 28 U.S.C. § 1915(h) this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by Welch are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). Welch brings the civil rights claims against the Superintendent of the New Castle Correctional Facility. He seeks injunctive relief.

Welch's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Here, Welch alleges violations of his rights under the Eighth Amendment based on the conditions of his confinement.

### III. Insufficient Claim

Under 42 U.S.C. § 1983 personal involvement in the alleged constitutional deprivation is required. *Munson v. Gaetz,* 673 F.3d 630, 637 (7th Cir. 2012) (section 1983 liability requires a defendant's personal involvement in the alleged constitutional violation). "[A]n official meets the personal involvement requirement when he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Without such an allegation■a complaint must allege facts to state a claim to relief that is plausible on its face, *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007))--there could be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone elses.") (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

Here, the Superintendent of the New Castle Correctional Facility is not alleged to have participated in or to have directed any of the alleged harassment about which Welch complains. Without such personal involvement, the Superintendent could not be liable for the alleged staff misconduct. *West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit.").

Applying the foregoing principles to Welch's complaint, the claim against the Superintendent of the New Castle Correctional Facility is **dismissed**, because he is not alleged to have had personal involvement in the alleged harassment of Welch. The complaint is dismissed for failure to state a claim.

Welch shall have **through July 1, 2015,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 6/1/15

Distribution:

DEMITRIUS LEVERETTE WELCH
195390
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana